# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**U.S. SECURITIES AND EXCHANGE COMMISSION,**

           **Plaintiff,**

**-vs-**                                        **Case No. 6:09-cv-1963-Orl-28GJK**

**BIG APPLE CONSULTING USA, INC., MJMM INVESTMENTS, LLC, MARC JABLON, MATTHEW MAGUIRE, MARK C. KALEY, KEITH JABLON,**

           **Defendants.**

_____

## ORDER

This cause is before the Court on the Motion for Leave to File a First Amended Complaint (Doc. 83) filed by the U.S. Securities and Exchange Commission ("the SEC"), Defendants' Response and Cross-Motion to Dismiss Counts One Through Twelve of Complaint (Doc. 86), and the SEC's Reply (Doc. 89).[1] In light of the Supreme Court's recent decision in Janus Capital Group, Inc. v. First Derivative Traders, 131 S. Ct. 2296 (2011), the SEC seeks to withdraw its claims that Defendants directly violated § 10(b) of the Securities Exchange Act of 1934 ("the Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5, 17 C.F.R. § 240.10b-5, and add claims that Defendants violated § 20(e) of the Exchange Act, 15

---

[1] Defendants have also filed a motion to file a Reply in support of their cross-motion to dismiss counts one through twelve and a sur-reply in opposition to the SEC's motion for leave to file (Doc. 90). Because the issues are adequately addressed in the filings currently before the court, Defendants' Motion shall be denied.

U.S.C. § 78t(e), by aiding and abetting the violations of § 10(b) and Rule 10b-5 by non-party CyberKey Solutions, Inc. and its CEO James Plant.

Pursuant to Federal Rule of Civil Procedure 15(a), leave to amend a complaint before trial should be freely given "when justice so requires." "[T]hus, unless a substantial reason exists to deny leave to amend, the discretion of the district court is not broad enough to permit denial." Shipner v. E. Air Lines, Inc., 868 F.2d 401, 407 (11th Cir. 1989). A motion to amend may be denied for reasons such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." Burger King Corp. v. Weaver, 169 F.3d 1310, 1319 (11th Cir. 1999) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)). Furthermore, if the motion to amend is made after the deadline set in the scheduling order, the moving party must show good cause why the motion should be granted. Fed. R. Civ. P. 16(b).

The SEC has shown good cause for amending its complaint. The Janus decision substantially limited the scope of primary liability under Rule 10b-5 and therefore constitutes an intervening change in the law. The SEC's motion is not the product of undue delay, bad faith, or dilatory motive, and granting the motion will not be unduly prejudicial to Defendants because the new claims are based on the same factual allegations that are currently in the complaint.

Defendants also assert that the SEC's motion should be denied and counts one through twelve should be dismissed because the counts fail to state a claim and amendment would be futile. Defendants base this argument on the fact that in the proposed First

Amended Complaint (Ex. A to Doc. 83), the SEC alleges that Defendants acted either knowingly or with severe recklessness, and Defendants claim that severe recklessness is insufficient to establish aider and abettor liability under § 20(e). As discussed in this Court's previous Order (Doc. 91), the law in this circuit is that "'severe recklessness' satisfies the scienter requirement" under § 20(e). Woods v. Barnett Bank of Ft. Lauderdale, 765 F.2d 1004, 1009 (11th Cir. 1985). Accordingly, the SEC's proposed First Amended Complaint states a claim under § 20(e).

In accordance with the foregoing, it is **ORDERED** and **ADJUDGED** that the SEC's Motion for Leave to File a First Amended Complaint (Doc. 83) is **GRANTED**; Defendants Motion for Leave to File a Reply and Sur-Reply (Doc. 90) is **DENIED**; and Defendants' Cross-Motion to Dismiss Counts One Through Twelve of Complaint (Doc. 86) is **DENIED**. The SEC shall file its First Amended Complaint attached as Exhibit A to the Motion as a separate document on or before Friday August 26, 2011. Additionally, Defendants shall file an Answer to the SEC's First Amended Complaint on or before Tuesday September 6, 2011.

**DONE** and **ORDERED** in Chambers, Orlando, Florida this 25th day of August, 2011.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Party