**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**U.S. SECURITIES AND EXCHANGE COMMISSION,**

**Plaintiff,**

**-vs-** **Case No. 6:09-cv-1963-Orl-28GJK**

**BIG APPLE CONSULTING USA, INC., MJMM INVESTMENTS, LLC, MARC JABLON, MATTHEW MAGUIRE, MARK C. KALEY, KEITH JABLON,**

**Defendants.**

---

# ORDER

The U.S. Securities and Exchange Commission ("the SEC") brings this action alleging violations of the Securities Act of 1933, 15 U.S.C. § 77a et seq., and the Securities Exchange Act of 1934, 15 U.S.C. § 78a et seq. These allegations center around the relationship between Defendants and non-party CyberKey Solutions, Inc. ("CyberKey"). Currently before the Court is the Motion in Limine (Doc. 72) filed by the SEC and Defendants' Response thereto (Doc. 76).

The SEC raised several evidentiary objections in its motion, and all but one of those objections were addressed during the Final Pretrial Conference held on Thursday, August 25, 2011. The only issue remaining is whether Defendants may introduce a number of video recordings listed as Defendants' Exhibits 5 through 11. Exhibits 5 through 7 are interviews of CyberKey personnel–including CyberKey CEO James Plant–conducted by Hank Zelma;

Exhibits 8 and 9 are television advertisements for CyberKey products; Exhibit 10 is an advertisement for Big Apple Consulting USA, Inc.; and Exhibit 11 is a "monologue" by Plant answering frequently asked questions about CyberKey for investors. The SEC raised three objections to the admission of these exhibits: (1) that their admission is precluded by Federal Rule of Civil Procedure 37(c)(1); (2) that the exhibits should be excluded as irrelevant; and (3) that the exhibits should be excluded because they have not been authenticated. The SEC's objection is overruled on the basis of authentication and, as discussed below, ruling on the bases of Rule 37(c)(1) and relevancy shall be deferred.

Rule 37(c)(1) provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless." Rule 26 requires each party, in its initial disclosures, to provide the other parties with "a copy–or a description by category and location–of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses." Fed. R. Civ. P. 26(a)(1)(A). Additionally, a party "must supplement or correct its disclosure . . . in a timely manner if the party learns that in some material respect the disclosure . . . is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1).

Although Defendants identified Zelma as a potential witness in their initial disclosures and noted that Zelma, among other things, "conducted videotaped interviews of Plant," Defendants did not list those videos as potential exhibits to be introduced at trial. (Defs.'

Initial Disclosures, Ex. C to Doc. 76, at 14). Moreover, Defendants did not mention the other videos at issue at all in their initial disclosures. (See id.). Defendants also did not supplement their disclosures at any point to identify the videos as potential exhibits. The first time the videos were specifically identified as exhibits to be offered at trial was when Defendants listed them on Defendants' trial exhibit list. Defendants argue that the videos are admissible, however, because Defendants' intent to introduce the videos at trial was made known during discovery.

Defendants argue that because several different witnesses mentioned the videos during their deposition testimony, the SEC should have been on notice that Defendants may introduce the videos at trial. However, the mere mention of a piece of tangible evidence during depositions, without more, is insufficient to put a party on notice that the evidence may be used at trial.

Additionally, Defendants argue that the SEC was put on notice that Defendants intended to introduce the Zelma videos because of information included in their initial disclosures combined with a subsequent subpoena *duces tecum* served on Zelma. As noted above, when listing Zelma as a potential witness in the initial disclosures, Defendants stated that Zelma had conducted videotaped interviews of Plant. In those disclosures, Defendants also stated they may use "[a]ny and all documents, data compilations, and tangible things produced, or to be produced, in this action or any other related action filed by the SEC or other government agency, in response to any discovery requests or subpoenas *duces tecum* served by any of the Defendants or the Plaintiff." (Defs.' Initial Disclosures at 38). Subsequently, Defendants served Zelma with a subpoena *duces tecum* which sought,

among other things, "[a]ny communications between you and Plant" and "[a]ny communications between you and any CyberKey employee." (Defs.' Resp., Doc. 76, at 14). In sum, Defendants are retrospectively cobbling together disparate statements which they claim–when viewed collectively–put the SEC on notice that they intended to use the Zelma videos at trial.

Defendants' argument fails. First, even if some semblance of notice could be found in hindsight, there was nothing at the time to prompt the SEC to look at these three separate statements together in order to glean such notice. Second, even when viewed retrospectively, the request that Zelma produce "communications" between him and Plant and other CyberKey employees would evoke thoughts of written communications–such as e-mails, faxes, and letters–rather than a video interview. Finally, this kind of ambiguous notice is not what is required by the clear directive of disclosure in Rule 26.

Defendants additionally argue that even if they failed to comply with Rule 26, the failure was "either harmless or substantially justified." (Defs.' Resp. at 15). "A party failing to comply with Rule 26 bears the burden of showing that its actions were substantially justified or harmless." U.S. ex rel. Bane v. Breathe Easy Pulmonary Servs., Inc., No. 8:06-cv-40-T-33MAP, 2009 WL 92826, at *3 (M.D. Fla. Jan. 14, 2009) (quoting Murdick v. Catalina Mktg. Corp., 496 F. Supp. 2d 1337, 1347 (M.D. Fla. 2007)). In determining whether Defendants have shown that their failure to comply with Rule 26 was substantially justified or harmless, courts have considered the following factors: (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the

evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence. Two Men & a Truck Int'l, Inc. v. Residential & Commercial Transp. Co., No. 4:08cv67-WS/WCS, 2008 WL 5235115, *2 (N.D. Fla. Oct. 20, 2008) (quoting S. States Rack & Fixture, Inc. v. Sherwin-Williams Co., 318 F.3d 592, 597 (4th Cir. 2003)).

Defendants' failure to comply with Rule 26 was not substantially justified. In fact, Defendants provide no explanation as to why they failed to disclose that they intended to introduce the videos at trial. Therefore, the videos will only be admitted if Defendants' failure to comply is harmless.

As noted above, the SEC was not given meaningful notice of Defendants' intention to use the videos during trial, and therefore, although the SEC knew that the videos existed, there was no indication that the SEC should have conducted discovery regarding the videos. Thus, the SEC was surprised by the Defendants' intended use of the videos and, until this point, had not had the ability to cure such surprise. Due to the fact that trial has been continued until November 28, 2011, however, there is now an opportunity to cure. Nevertheless, investing the time and resources to cure is only appropriate if the videos are both relevant and important evidence. Therefore, the Court will give Defendants an opportunity to proffer the videos. If the Court determines that they are both relevant and important evidence, Defendants will be allowed to use the videos during trial; however, the SEC will be allowed to conduct any necessary discovery regarding the videos and will be awarded reasonable fees and costs related to such discovery.

In accordance with the foregoing, it is **ORDERED** that Defendants shall provide to the Court the proposed video exhibits on or before **Wednesday, September 7, 2011.** Ruling

on the SEC's objection to Defendants' Exhibits 5 through 11 contained in its Motion in Limine (Doc. 72) is deferred.

**DONE** and **ORDERED** in Chambers, Orlando, Florida this 2nd day of September, 2011.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Party