# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

U.S. SECURITIES AND EXCHANGE
COMMISSION,

               **Plaintiff,**

-vs-                                          **Case No. 6:09-cv-1963-Orl-28GJK**

**BIG APPLE CONSULTING USA, INC.,
MJMM INVESTMENTS, LLC, MARC
JABLON, MATTHEW MAGUIRE, MARK
C. KALEY, KEITH JABLON,**

               **Defendants.**

_____

## ORDER

The U.S. Securities and Exchange Commission ("the SEC") brings this action alleging violations of the Securities Act of 1933, 15 U.S.C. § 77a et seq., and the Securities Exchange Act of 1934, 15 U.S.C. § 78a et seq. These allegations center around the relationship between Defendants and non-party CyberKey Solutions, Inc. ("CyberKey"). Currently before the Court is the Motion in Limine (Doc. 72) filed by the SEC and Defendants' Response thereto (Doc. 76).

The SEC raised several evidentiary objections in its motion, and all but one of those objections were addressed during the Final Pretrial Conference held on Thursday, August 25, 2011. The only issue remaining is whether Defendants may introduce a number of video recordings listed as Defendants' Exhibits 5 through 11 ("Video Exhibits"). The SEC raised three objections to the admission of the Video Exhibits: (1) that their admission is precluded

by Federal Rule of Civil Procedure 37(c)(1); (2) that the exhibits should be excluded as irrelevant; and (3) that the exhibits should be excluded because they have not been authenticated. In a previous Order (Doc. 97) issued by this Court on September 2, 2011 ("Sept. 2 Order"), the Court overruled the SEC's objection based on authentication but deferred ruling on the bases of Rule 37(c)(1) and relevancy.

Rule 37(c)(1) requires parties to comply with the disclosure requirements of Rule 26 and provides that if a party fails to do so, "the party is not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless." As discussed in the Sept. 2 Order, Defendants failed to comply with Rule 26 because they did not disclose their intent to introduce the Video Exhibits at trial as required by that Rule. However, even when a party fails to comply with Rule 26, the evidence may still be admitted if the failure was substantially justified or harmless. To determine whether Defendants' failure was substantially justified[1] or harmless, this Court considered the following factors: "'(1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence.'" Two Men & a Truck Int'l, Inc. v. Residential & Commercial Transp. Co., No. 4:08cv67-WS/WCS, 2008 WL 5235115, *2 (N.D. Fla. Oct. 20, 2008) (quoting S. States Rack & Fixture, Inc. v. Sherwin-Williams Co., 318 F.3d 592, 597 (4th Cir. 2003)).

---

[1] In the Sept. 2 Order, the Court determined that Defendants' failure to comply with Rule 26 was not substantially justified.

Although the Court determined that there was considerable surprise to the SEC, it also noted that such surprise could be cured because trial has been continued until November 28, 2011, and that the Court would admit the Video Exhibits if they constituted relevant and important evidence. Defendants were then directed to provide the Court with the Video Exhibits. Defendants complied, and the Court has conducted a thorough review of the Video Exhibits.

Pursuant to this review, the Court finds that only the interview with CyberKey CEO James Plant contained in Exhibit 6 is relevant. During this interview, Plant discusses the products developed for government use, and he insinuates–although he does not state outright–that CyberKey has some sort of relationship with the Department of Homeland Security ("DHS"). These representations are at least somewhat relevant to the reasonableness of Defendants' reliance on Plant's representations that CyberKey had a contract with DHS, which is a crucial aspect of several of the SEC's claims.

All of the other Video Exhibits contain general information about CyberKey and its products or information about Defendant Big Apple Consulting USA, Inc. ("Big Apple"), and are not relevant.[2] Specifically, Exhibits 5 and 7 contain interviews with other CyberKey

---

[2] Defendants argue that the Video Exhibits are "persuasive evidence of Plant's facade of legitimacy." (Doc. 76 at 16). Whether CyberKey conducted legitimate business outside of reporting a non-existent contract with DHS is not at issue. Furthermore, contrary to Defendants' contention, the videos do not convey a facade of legitimacy. In fact, it is unclear why the SEC objected to their admission because the videos, which are low quality productions, appear amateurish and defensive–particularly the focus on why Plant had not completed the requisite audits of CyberKey. Indeed, if the SEC believes it is necessary to introduce the other videos for the sake of completeness, the Court will entertain a motion to that effect.

employees and extol the fact that CyberKey is growing and the anticipated market for CyberKey products in the medical, insurance, and personal information sectors. Exhibits 8 and 9 are very short–approximately thirty-second–CyberKey commercials; Exhibit 8 focuses on a safe developed by CyberKey, and Exhibit 9 references CyberKey products generally. These videos are not relevant because the SEC does not dispute that CyberKey did, in fact, develop the kind of technology it claimed, and samples of those products will be shown at trial for demonstrative purposes.

Exhibit 10 is a Big Apple advertisement that Defendants assert demonstrates that Big Apple is a "bona fide consulting company that arranges [] and provides honest services for its clients." (Doc. 76 at 16). Whether Big Apple actually provided consulting services to CyberKey, however, is not at issue, and even if it were, Big Apple's own commercials are not relevant to whether Big Apple conducted legitimate business.

Finally, Exhibit 11 is a video of Plant answering frequently asked questions for investors. The only statement in Exhibit 11 that could possibly have any relevancy to this case is Plant's statement at the very end of the video that CyberKey distributes its products to the "government and military." However, this statement does not mention any contract with DHS, and Big Apple helped create Exhibit 11–as stated in the video itself–and therefore, it is unclear how it would be reasonable for Defendants to rely on this video as evidence that CyberKey did, indeed, have a contract with DHS.

In accordance with the foregoing, the SEC's objection to Defendants' Exhibits 5 through 11 contained in its Motion in Limine (Doc. 72) is **SUSTAINED in part** and **OVERRULED in part**. The SEC's objections to Defendants' Exhibits 5, 7, 8, 9, 10, and 11

are **SUSTAINED**.  The SEC's objection to Defendants' Exhibit 6 is **OVERRULED** as to the interview with James Plant and **SUSTAINED** as to the rest of the video.  Additionally, the SEC will be allowed to conduct any necessary discovery related to the part of Exhibit 6 that is admissible and will be awarded reasonable fees and costs related to such discovery.

   **DONE** and **ORDERED** in Chambers, Orlando, Florida this 9th day of September, 2011.

_____
JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Party