FILED

2013 MAR 29 AM 10: 06

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

U.S. SECURITIES AND EXCHANGE
COMMISSION,

    Plaintiff,

v.                            Case No: 6:09-cv-1963-Orl-28GJK

BIG APPLE CONSULTING USA, INC.,
MJMM INVESTMENTS, LLC, MARC
JABLON, MATTHEW MAGUIRE,
MARK C. KALEY, and KEITH
JABLON,

    Defendants.
_____/

## JUDGMENT

This action was tried by a jury after the Court granted partial summary judgment in Plaintiff's favor. The jury rendered a verdict, and thereafter the parties stipulated to disgorgement and injunctive relief and the Court determined the issue of civil monetary penalties.

It is ordered as follows:

### A. Civil Monetary Penalties

1. Defendants Big Apple Consulting USA, Inc. and MJMM Investments, LLC shall pay, jointly and severally, a civil monetary penalty in the amount of $2,260,000 plus post-judgment interest.

2. Defendant Marc Jablon shall pay a civil monetary penalty in the amount of $213,000 plus post-judgment interest.

3. Defendant Mark Kaley shall pay a civil monetary penalty in the amount of $156,500 plus post-judgment interest.

4. Defendant Matthew Maguire shall pay a civil monetary penalty in the amount of $163,000 plus post-judgment interest.

5. Defendants' civil monetary penalties are immediately due and owing.

6. Post-judgment interest shall accrue beginning on the date of entry of this Judgment and shall be determined by using the Treasury Bill rate prevailing on the date of entry of this Judgment, pursuant to 28 U.S.C. § 1961(a).

B. <u>Disgorgement</u>

Defendants Big Apple Consulting USA, Inc., MJMM Investments, LLC, and Marc Jablon shall pay, jointly and severally, disgorgement in the amount of $5.4 million and prejudgment interest in the amount of $659,000.20, plus post-judgment interest. All disgorgement payments are immediately due and owing.

C. <u>Penny Stock Bar</u>

Defendants Big Apple Consulting USA, Inc., MJMM Investments, LLC, Marc Jablon, and Matthew Maguire are permanently barred from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock. A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act, 17 C.F.R. 240.3a51-1.

D. <u>**Other Injunctive Relief**</u>

1. All Defendants and Defendants' agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise, are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 ("the Exchange Act"), 15 U.S.C. § 78j(b), and Exchange Act Rule 10b-5, 17 C.F.R. § 240.10b-5, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact, or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person

by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any person about the business or financial condition of any company, or the trading market for the security of any company, or (ii) making any false or misleading statement, or disseminating any false or misleading documents, materials, or information, including press releases, concerning matters relating to any company.

2. All Defendants and Defendants' agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of

3

this Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 ("the Securities Act"), 15 U.S.C. § 77q(a), in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud;

(b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser

by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any person about the business or financial condition of any company, or the trading market for the security of any company, or (ii) making any false or misleading statement, or disseminating any false or misleading documents, materials, or information, including press releases, concerning matters relating to any company.

3. Defendants Big Apple Consulting USA, Inc., MJMM Investments, LLC, Marc Jablon, Mark Kaley, Matthew Maguire, and their agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 15(a) of the Exchange Act, 5 U.S.C. § 77o, by, directly or indirectly making use of the mails or any means or instrumentality of

interstate commerce in effecting transactions in or inducing or attempting to induce the purchase or sale of securities, unless Defendant is registered with the Securities and Exchange Commission as a broker or dealer or when Defendant is not associated with an entity registered with the Securities and Exchange Commission as a broker-dealer, or unless the security is an exempted security, commercial paper, bankers' acceptances or commercial bills.

4. Defendants Big Apple Consulting USA, Inc., MJMM Investments, LLC, Marc Jablon, Matthew Maguire, and their agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 5 of the Securities Act, 15 U.S.C. § 77e, by, directly or indirectly, in the absence of any applicable exemption:

(a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or

otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act, 15 U.S.C. § 77h.

Date: March 29, 2013

_____
Clerk of Court