# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

U.S. SECURITIES AND EXCHANGE
COMMISSION,

    Plaintiff,

v.                                    Case No: 6:09-cv-1963-Orl-28GJK

BIG APPLE CONSULTING USA, INC.,
MJMM INVESTMENTS, LLC, MARC
JABLON, MATTHEW MAGUIRE, MARK
C. KALEY and KEITH JABLON,

    Defendants.
_____

# ORDER

Defendant Mark C. Kaley, appearing *pro se*, filed the instant Motion for Relief from Judgment in Favor of Securities and Exchange Commission (Mot. Relief, Doc. 259) on October 15, 2019, and Plaintiff U.S. Securities and Exchange Commission (SEC) filed a Response (Doc. 262). Kaley then filed a letter (Doc. 264) that both requested to reply and replied. The Court construes Kaley's letter as a motion for leave to reply and grants the request, accepting the remainder of the letter and his subsequent Reply (Doc. 266) as his Reply. Kaley also filed a Motion to Stay Pending State Court Action (Mot. Stay, Doc. 265). For the following reasons, the Court denies Kaley's Motion for Relief from Judgment and his Motion to Stay Pending State Court Action.

## I.    Background

Judgment in favor of the SEC was entered in 2013 after a jury trial. Kaley was ordered to pay a civil monetary penalty of $156,500 plus post-judgment interest. (Doc. 259 at 1; Doc. 262 at 2). Kaley appealed but the judgment was affirmed. (Doc. 248). According

to the SEC, it has collected $9,161.71 through federal tax return offsets; Kaley has made no voluntary payments; and the total amount owed as of November 14, 2019, is $148,846.28. (Doc. 262 at 2). Kaley now moves to be relieved from the judgment based on Fed. R. Civ. P. 60(b)(5) & (6). He also moves for the Court to stay a pending state court foreclosure action under 28 U.S.C. § 2283.

## II. Discussion

### A. Motion for Relief from Judgment

Rule 60(b) provides six grounds for relief from judgment. Relevant to this Order, "[o]n motion and just terms, the court may relieve a party . . . from a final judgment" under Rule 60(b)(5) if "the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable" or under 60(b)(6) for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(5) & (6). "By its very nature, the rule seeks to strike a delicate balance between two countervailing impulses: the desire to preserve the finality of judgments and the incessant command of the court's conscience that justice be done in light of all the facts." Seven Elves, Inc. v. Eskenazi, 635 F.2d 396, 401 (5th Cir. 1981)[1] (internal quotation omitted).

"Motions under Rule 60(b) are directed to the sound discretion of the district court." Id. at 402. In analyzing a Rule 60(b) motion, courts should keep in mind the importance of "preserving the principle of the finality of judgments" as they consider the following factors: (1) "[t]hat final judgments should not lightly be disturbed"; (2) that the rule is not a substitute

---

[1] See Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) (adopting all decisions of the former Fifth Circuit announced prior to October 1, 1981, as binding precedent in the Eleventh Circuit).

2

for appeal; (3) "that the rule should be liberally construed in order to achieve substantial justice"; (4) the timeliness of the motion; (5) whether the case was decided on the merits; (6) if the judgment was after a trial on the merits, did the movant have "a fair opportunity to present his claim or defense; (7) whether there are intervening equities that would make it inequitable to grant relief; and (8) any other factors relevant to the justice of the judgment under attack." Id.

### 1. Fed. R. Civ. P. 60(b)(5)—Judgment No Longer Equitable

Kaley argues that he should be relieved from the Judgment under the last portion of Rule 60(b)(5) because it is no longer equitable to hold him accountable for the civil monetary penalty imposed against him. However, the judgment against Kaley cannot be relieved under Rule 60(b)(5) because it does not have a prospective effect. "Cook v. Birmingham News, 618 F. 2d 1149, 1152 (5th Cir. 1980) held that Rule 60(b)(5) can be applied only to judgments that are prospective in effect." United States v. Eyler, 778 F. Supp. 1553, 1557 (M.D. Fla. 1991). Gibbs v. Maxwell House then "established that, within the Eleventh Circuit, the relief contemplated by a Rule 60(b)(5) motion is relief from orders with prospective application, and that judgments awarding current monetary damages for past wrongdoings are properly considered retroactive, not prospective in nature." Id. (citing Gibbs v. Maxwell House, 738 F.2d 1153 (11th Cir. 1984)); see Gibbs, 738 F.2d at 1156 ("That [defendant] remains bound by the dismissal is not a 'prospective effect' within the meaning of Rule 60(b)(5) any more than if [defendant] were continuing to feel the effects of a money judgment against him."). As one court has explained:

> Virtually every court order causes at least some reverberations into the future, and has, in that literal sense, some prospective effect; even a money judgment has continuing consequences, most obviously until it is satisfied, and thereafter as well inasmuch as everyone is constrained by his or her net worth. That a court's action has continuing consequences, however, does

not necessarily mean that it has 'prospective application' for the purposes of Rule 60(b)(5).

Twelve John Does v. Dist. of Columbia, 841 F.2d 1133, 1138 (D.C. Cir. 1987).

Kaley's civil monetary penalty falls within the category of money judgments meant to remedy a past wrong, not the category of judgments having a prospective effect. Further, as explained in more detail below, there are no exceptional circumstances requiring relief; Kaley has not shown "that unforeseen conditions have produced such extreme and unexpected hardship that the decree is oppressive." Eyler, 778 F. Supp. at 1556 (quoting United States v. City of Fort Smith, 760 F.2d 231, 233 (8th Cir. 1985)).

    2.    *Fed. R. Civ. P. 60(b)(6)—Other Reasons Justifying Relief*

"Relief under [Rule 60(b)(6)] is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances." Crapp v. City of Miami Beach Police Dep't, 242 F.3d 1017, 1020 (11th Cir. 2001) (quoting Griffin v. Swim-Tech Corp., 722 F.2d 677, 680 (11th Cir. 1984). "Courts have found few narrowly-defined situations that clearly present 'other reasons justifying relief.'" 11 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2864 (3d ed. 2019 update). None of those situations are present here, and Kaley has not convinced the Court that equitable considerations weigh toward granting his Motion for Relief. If anything, equitable considerations weigh in favor of holding him liable for his actions.

Kaley cites his financial hardships since the judgment as justification for relief under Rule 60(b)(6). (Doc. 259 at 2). He claims he "has been unable to obtain employment commensurate with his experience and education." (Id.). Further, he asserts that "barring a lottery win," he will never be able to pay the judgment. (Id. at 4). These arguments—beyond unconvincing—do not constitute exceptional circumstances.

4

Moreover, applying the factors listed in Seven Elves—while bearing in mind the great desirability of preserving the finality of judgments—confirms that Kaley's desired relief is not appropriate. Kaley's judgment was the result of a jury trial on the merits and was affirmed on appeal. While Rule 60(b) should be liberally construed, substantial justice in this case weighs in favor of denying the Motion for Relief.

This motion comes over six years after the judgment was entered and over four years after Kaley's unsuccessful appeal. In the years since then, Kaley has obtained an MBA and had another child, (id. at 2, 4), yet he has made no voluntary payments to the SEC to reduce the balance owed. And the SEC has only collected on the judgment via relatively conservative tax return offsets. Kaley's current financial situation—while he may not see it as ideal—is due to his own decisions. He chose to take actions that led a jury to find him liable and led this Court to enter a civil monetary penalty against him. If Kaley has been unable to obtain employment that he deems worthy of his education and experience, any link to the judgment is likewise due to his own deeds and the resulting judgment itself, not the balance owed.

It cannot be said that financial and employment challenges after this type of judgment are in any way "unforeseen conditions" or "unexpected hardships." Finding an absence of exceptional circumstances and weighing factors relevant to a Rule 60(b) motion, Kaley's Motion for Relief is due to be denied.

### III. Conclusion

Accordingly, it is **ORDERED** as follows:

1. Kaley's Motion for Relief from Judgment in Favor of Securities and Exchange Commission (Doc. 259) is **DENIED**.

2. Kaley's Motion for Leave to File a Reply (Doc. 264) is **GRANTED**.

5

3. Kaley's Motion to Stay Pending State Court Action (Doc. 265) is **DENIED** as moot.

**DONE** and **ORDERED** in Orlando, Florida, on December 2, 2019.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Parties